IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00337-BNB

ANTHONY FRIES,

    Plaintiff,

v.

ANITA ARCHULETA, Parole Officer, and
WILLIAM THIEBAULT, JR., District Attorney of Pueblo County, Colorado,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Anthony Fries, is in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Fort Lyon Correctional Facility. Mr. Fries filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on February 5, 2010. The Court must construe the complaint liberally because Mr. Fries is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

1

Mr. Fries has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

In the complaint, Mr. Fries asserts three claims. In general, Mr. Fries appears to challenge his parole placement in the Intensive Supervision Program (ISP). Complaint at 3. He asserts that defendant Anita Archuleta abused her discretion by placing him in the ISP, and then later illegally charged him with a felony for escaping from his parole. *Id.* at 2-3. In his first claim, he alleges that the ISP violates his equal protection right because offenders who are placed in home detention instead of the ISP are charged with a parole violation rather than felony escape if they move outside the limits of their detention. *Id.* In his second claim, Mr. Fries alleges that his due process rights were violated when he was placed in the ISP without a hearing. *Id.* at 6. In his third claim, Mr. Fries alleges that Colo. Rev. Stat. § 18-8-208 and Colo. Rev. Stat. § 17-27.5-104 are vague and overbroad in violation of the Due Process Clause. *Id.* In short, Plaintiff challenges the constitutionality of the classification and parole procedures used by the Colorado Department of Corrections. He seeks only declaratory and prospective

injunctive relief. For the reasons set forth below, the complaint will be dismissed in part.

Mr. Fries alleges that defendant William Thiebault, Jr., District Attorney for Pueblo County, conspired with defendant Archuleta in order to prosecute Mr. Fries for escaping from his parole. Complaint at 2. However, a prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Prosecutors are provided absolute immunity because exposing them to § 1983 lawsuits springing from their official activities "would divert '[their] energy and attention . . . from the pressing duty of enforcing the criminal law.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (quoting *Imbler*, 424 U.S. at 430-31)). Moreover, "[a]bsolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003). Prosecutorial immunity does not generally extend to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Imbler*, 424 U.S. at 430-31. In addition, "'[a]bsolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'" *Grant*, 870 F.2d at 1138 (citation omitted).

Here, Mr. Fries' allegations against defendant Thiebault involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing

a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Mr. Thiebault was acting in his "role as advocate for the State," *Burns v. Reed*, 500 U.S. 478, 491 (1991), and thus he enjoys immunity from suit under § 1983. *See Imbler*, 424 U.S. at 420-24. A claim against a defendant who clearly is immune from suit is legally frivolous. *Neitzke*, 490 U.S. at 327. Therefore, defendant William Thiebault, Jr. is an inappropriate party to this action based on absolute immunity.

Mr. Fries' claims against defendant Archuleta, which challenge the constitutionality of the ISP classification and parole procedures used by the DOC, are not appropriate for summary dismissal and will be drawn to a district judge and a magistrate judge. Accordingly, it is

ORDERED that William Thiebault, Jr. is dismissed as a party to this action. It is

FURTHER ORDERED that the Clerk of the Court remove the name of William Thiebault, Jr. as a party to this action. The only remaining defendant is Anita Archuleta. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  11th   day of   March  , 2010.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00337-BNB

Anthony Fries
Prisoner No. 69960
Fort Lyon Corr. Facility
P.O. Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on **3/2/10**

GREGORY C. LANGHAM, CLERK

By_____
          Deputy Clerk