IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00337-PAB-KLM

ANTHONY FRIES,

    Plaintiff,

v.

ANITA ARCHULETA, Parole Officer of Pueblo County, Colorado,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Dismiss** [Docket No. 31; Filed June 15, 2010] (the "Motion"). Plaintiff sought and received an extension of time to object to the Motion [Docket No. 37] and filed his Response on August 18, 2010 [Docket No. 39]. Defendant did not file a reply. The Motion is fully briefed and ripe for resolution. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.L.Civ.R. 72.1C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, Plaintiff's Response, the entire case file, the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

### I. Summary of the Case

Plaintiff, who is proceeding *pro se*, is currently incarcerated at the San Carlos Correctional Facility ("SCCF") in Pueblo, Colorado. In February 2010, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 asserting that several Defendants violated his

constitutional rights. *Complaint* [#3] at 3-6. Pursuant to a March 12, 2010 Order, the only remaining Defendant is Defendant Archuleta [Docket No. 8]. Plaintiff has since amended his Complaint to clarify his claims against Defendant [Docket No. 24]. The Amended Complaint is the operative pleading for purposes of resolving the pending Motion.

The facts giving rise to Plaintiff's Amended Complaint are as follows. While Plaintiff was serving a five-year mandatory period of parole, Plaintiff claims that Defendant placed him in the Intensive Supervision Program ("ISP"). *Amended Complaint* [#24] at 3. At the time, Defendant was Plaintiff's parole officer. *See id.* Plaintiff characterizes his ISP status as "an extra condition of parole." *Id.* In November 2009, based on information provided by Defendant, Plaintiff claims that he was arrested for escaping from parole and later convicted of felony escape. *Id.* Plaintiff was sentenced to three years in prison, with a mandatory three-year period of parole. *Id.* He is currently serving the prison term for this conviction.

In his Amended Complaint, Plaintiff asserts three claims:

- A Fourteenth Amendment equal protection violation because Plaintiff was charged with and convicted of felony escape as opposed to the customary parole violation levied on other parolees;

- A Fourteenth Amendment due process violation because Plaintiff was given ISP status without a hearing; and

- A claim challenging the constitutionality of the statute defining escape from custody for an ISP parolee.

*Id.* at 4-8.

Defendant filed a Motion to Dismiss Plaintiff's claims against her on several legal

grounds. First, Defendant asserts that Plaintiff has failed to state a claim for either an equal protection or due process violation. *Motion* [#31] at 3-6. Second, Defendant contends that the statute defining escape for an ISP parolee is constitutional.[1] *Id.* at 6-7. In his Response, Plaintiff primarily argues that his conviction for felony escape was unlawful and that the statute authorizing such a conviction is unconstitutional.[2] *Response* [#39] at 1-7.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct.

---

[1] Although Plaintiff acknowledges in his Amended Complaint that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, see *Amended Complaint* [#24] at 7, Defendant does not raise this as an affirmative defense.

[2] To the extent that Plaintiff argues in his Amended Complaint and/or Response that his conviction for felony escape was not supported by the evidence, such a challenge may not be properly asserted in a 42 U.S.C. § 1983 action. Rather, when a challenge implicates an inmate's conviction and sentence, the appropriate method of review is via habeas corpus petition pursuant to 28 U.S.C. § 2254 after the inmate has exhausted his state court remedies.

1937, 1949 (2009).  Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Id.* (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Ashcroft*,129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must

4

follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. Analysis

### A. Claim One – Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment prohibits the government from treating similarly situated individuals differently. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Here, Plaintiff argues that he was given a harsher punishment than other parolees who committed the same or more severe infractions while on parole. Although not entirely clear from his Amended Complaint, it appears that Plaintiff was confined to the perimeter of his home as a condition imposed by his ISP status. When he left that perimeter, he was found to be in violation of his ISP conditions and charged with felony escape. Plaintiff's allegations are most plausibly construed as a selective prosecution claim, which is governed by customary equal protection standards. *See Wayte v. United States*, 470 U.S. 598, 608 (1985); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that Court's role in interpreting *pro se* party's complaint is to ignore unnecessary legal labels and attempt "to create a better correspondence between the substance of [the party's claims] and the underlying legal basis").

The government has "broad discretion" as to whom to prosecute. *Wayte*, 470 U.S. at 607; *United States v. Goodwin,* 457 U.S. 368, 380, n.11 (1982). This broad discretion is premised "on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Wayte*, 470 U.S. at 607. Although such discretion is broad, it is not without

5

limit. *Id.* at 608. For example, the decision to prosecute may not be "'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978) (quoting *Oyler v. Boles,* 368 U.S. 448, 456 (1962)).

The initial burden of establishing a *prima facie* case of selective prosecution lies with Plaintiff as it is presumed that a criminal prosecution "is undertaken in good faith and in a nondiscriminatory fashion for the purpose of fulfilling a duty to bring violators to justice." *United States v. Haggerty,* 528 F. Supp. 1286, 1291 (D. Colo.1981). In this regard, Plaintiff must show that "'he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against him.'" *United States v. Furman,* 31 F.3d 1034, 1038 (10th Cir.1994) (quoting *United States v. Salazar,* 720 F.2d 1482, 1487 (10th Cir.1983)). In addition, Plaintiff must prove that his selection for prosecution "was invidious or in bad faith and was based on impermissible considerations such as race, religion, or the desire to prevent the exercise of constitutional rights."[3] *Salazar*, 720 F.2d at 1487.

---

[3] To the extent that Plaintiff intended to assert a general equal protection claim, the standard of proof does not significantly deviate from that of a selective prosecution claim. To determine whether an equal protection violation has occurred in the general sense, if Plaintiff is not a member of a protected class and does not assert the denial of a fundamental right, the Court must only determine whether the alleged discriminatory action has a rational basis. *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995); *see also Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004) (holding that "absent an allegation of a suspect classification, our review of prison officials' differing treatment of various inmates is quite deferential" and considering only whether the treatment was "reasonably related to a legitimate penological purpose"). Here, as discussed in detail in relation to Claim Two, I find that Plaintiff's allegations do not implicate the denial of a fundamental right. Nor, as noted later, does Plaintiff allege any membership in a suspect class. Accordingly, a rational basis analysis (similar to the deferential standard of review for a selective prosecution claim) would apply. To this end, Plaintiff must show both "that he [is] 'similarly situated'" to those he seeks to be compared with <u>and</u> "that the difference in treatment [is] not 'reasonably related to legitimate penological interests.'" *Fogle v.*

Defendant argues that Plaintiff has failed to plausibly allege that he is similarly situated to other parolees. *Motion to Dismiss* [#31] at 3-5. I agree. To the extent that Plaintiff argues that he was treated differently from parolees placed on home detention as a condition of their parole, he asks the Court to compare his treatment to those who are <u>not</u> similarly situated. Plaintiff's conditions were imposed pursuant to his ISP status, therefore, he is not similarly situated to parolees merely serving home detention as a condition of their parole. *See People v. Smith*, 77 P.3d 751, 755-56 (Colo. Ct. App. 2003) (noting that home detention and ISP are distinct parole programs, the latter being reserved for parolees who present a danger to public safety). To the extent that Plaintiff argues that he was treated differently from other parolees with ISP status, the Tenth Circuit has rejected any claim alleging that individuals with the same status must be treated similarly or that disparate treatment among them is necessarily the result of discrimination. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). A party's "claim that there are no relevant differences between him and other [convicted persons] that reasonably might account for their different treatment is not plausible or arguable." *Id.*

While Plaintiff alleges in his Amended Complaint that he is similarly situated to other parolees with similar or more drastic parole violations, he fails to plausibly articulate how it could be "that there are other [parolees] who are similar in every relevant respect" or address the likelihood that Defendant might treat parolees differently because of the differences in their histories. *Id.* Similar claims have been found to be "indisputably

---

*Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006) (citation omitted). Under either standard, Plaintiff's allegations do not satisfy the first element, i.e., that Plaintiff is similarly situated to other parolees.

meritless" and "clearly baseless." *Fogle*, 435 F.3d at 1261; *Templeman*, 16 F.3d at 371. Despite Plaintiff's conclusory contention that other parolees were allegedly not punished as harshly as he was, he has failed to provide sufficient detail regarding his claim.[4]  *See Amended Complaint* [#24] at 6.

In addition, I note that Plaintiff does not argue that Defendant was motivated to selectively prosecute him for felony escape on the basis of race, religion or some arbitrary classification like the exercise of his constitutional rights. If Plaintiff has suffered disparate treatment, it is entirely unclear from the allegations contained in the Amended Complaint that any invidious purpose or bad faith was behind it. The mere failure to punish other offenders, without any suggestion of a discriminatory purpose, is no basis for finding an equal protection violation. *See United States v. Moon Lake Elec. Ass'n*, 45 F. Supp. 2d 1070, 1084 (D. Colo. 1999) (citation omitted).[5]

---

[4] For example, Plaintiff fails to provide any context for his conclusory allegation that Defendant failed to charge other parolees with felony escape who theoretically "escape from a drug rehab center or a work release center" or who "obscond [sic] from their paroles and leave colorado [sic], go to las vegas [sic] and have to be extradited back." *Amended Complaint* [#24] at 5-6. Plaintiff's conclusory allegations without sufficient factual support are insufficient to state a claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (noting that court is "not required to fashion [*pro se* plaintiff's] argument for him where his allegations are merely conclusory in nature and without supporting factual averments"). In addition, although not raised by Defendant, it is unclear how Defendant, a mere parole officer, personally participated in the decision to charge Plaintiff with felony escape. Decisions to prosecute are made by the prosecuting attorney. Plaintiff's attempt to sue the prosecutor in his original Complaint was unsuccessful and that individual was dismissed during preliminary review [Docket No. 8]. The recognition that Defendant likely had no control over whether to charge Plaintiff with felony escape is further justification for dismissal of this claim.

[5] Again, the Court notes that one of Plaintiff's arguments in relation to his conviction is that he is not guilty of the crime of felony escape which, according to him, is reserved for inmates "escaping from behind the walls of Colorado state prison at cannon [sic] city [sic], Colorado." *Amended Complaint* [#24] at 6. Arguments suggesting that Plaintiff's conviction is not supported by the evidence are not properly before the Court pursuant to § 1983. *See supra* note 2.

In summary, Plaintiff has failed to allege facts that plausibly speak to either element of a selective prosecution claim. Accordingly, the Court recommends that Plaintiff's Fourteenth Amendment equal protection/selective prosecution claim be dismissed.

> **B.** **Claim Two – Fourteenth Amendment Due Process**

To state a Fourteenth Amendment due process claim, Plaintiff must allege facts that satisfy two elements. *See Bartell v. Aurora Pub. Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, he must show that he possesses a protected liberty interest. *See id.*; *Veile v. Martinson*, 258 F.3d 1180, 1184-85 (10th Cir. 2001). Second, he must show that he was not afforded the appropriate level of process. *See Bartell*, 263 F.3d at 1149. Here, liberally construing Plaintiff's Amended Complaint, Plaintiff contends that his due process rights were violated when he was given ISP status without a hearing. *Amended Complaint* [#24] at 7. Defendant argues that Plaintiff's allegations fail to implicate a liberty interest. *Motion to Dismiss* [#31] at 5-6.

Liberty interests "are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). In considering whether Plaintiff's allegations trigger a liberty interest, I examine whether Plaintiff's status as a parolee impacts his claim.

As a preliminary matter, Plaintiff does not have a constitutional or inherent right to a particular type of parole or parole status. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). In addition, given that Plaintiff was technically still confined for purposes of serving his parole, the amount of liberty required to be afforded to him was

9

limited.⁶  *United States v. Lewis*, 71 F.3d 358, 361 (10th Cir. 1995) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).  In other words, "[p]arolees do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special parole restrictions.'"  *United States v. Lewis*, 71 F.3d 358, 361 (1995) (citation omitted).  Therefore, "[s]uch restrictions do not rise to the level of violating [the parolee's constitutional rights]."  *Green v. Quintana*, 992 F.2d 1222 (table) (10th Cir. 1993).

Accepting all of Plaintiff's allegations as true and construing them in the light most favorable to him, as required, I do not find it plausible that Plaintiff could prove that he has a protected liberty interest in avoiding ISP status.  In addition to the limited amount of rights retained by Plaintiff while serving parole, I note that "[a] parolee who does not agree with the conditions of his parole is free to refuse it."  *Hampton v. Perez*, No. 07-cv-01732, 2010 WL 1688464, at *4 (D. Colo. Apr. 23, 2010) (unpublished decision) (citing *White v. People*, 866 P.2d 1371, 1374 (Colo. 1994)).  Moreover, "while Plaintiff outlines the restrictions that the ISP placed upon his movements, he [cannot] demonstrate how those restrictions violated the limited liberty interests of a parolee."  *Id.*  Accordingly, "[b]ecause parole is an extension of confinement, limitations resulting in . . . restricted living or travel arrangements during the time of parole or mandatory release supervision do not result in a constitutional violation."  *Green*, 992 F.2d 1222 (table).

In summary, Plaintiff has failed to plausibly allege that his placement in ISP

---

⁶ Although Plaintiff appears to contend that his mandatory period of parole did not constitute confinement, his conclusory assertion is not supported by clearly established law. *See, e.g.*, *People v. Taylor*, 74 P.3d 396, 399-400 (Colo. Ct. App. 2002).

supervision violated a liberty interest. With no liberty interest at issue, no particular process was due. See *Templeman*, 16 F.3d at 371. Accordingly, the Court recommends that Plaintiff's Fourteenth Amendment due process claim be dismissed.

### C. Claim Three – Constitutional Challenge of State Statute

Plaintiff argues that Colo. Rev. Stat. § 17-27.5-104 – which applies the crime of felony escape (as defined by Colo. Rev. Stat. § 18-8-208) to an individual serving mandatory parole under ISP supervision – is unconstitutional as applied because it violates a parolee's due process and equal protection rights. *Amended Complaint* [#24] at 8. He also contends that the statute is vague and overbroad.[7] *Id.* By contrast, Defendant argues that the statute in question is not unconstitutional and that Plaintiff's conclusory assertions otherwise should be rejected. *Motion* [#31] at 6.

A party challenging the constitutionality of a statute bears a heavy burden. In relation to a § 1983 case specifically, when "challenges [to the] constitutionality of a state statute [are raised, the Court is] constrained by the 'venerable presumption' that an act of a state legislature is generally taken to be constitutional, and the burden is on the plaintiff to demonstrate how the statute transgresses the requirements of the United States Constitution." *Hopkins v. Okla. Public Emps. Ret. Sys.*, 150 F.3d 1155, 1160 (10th Cir. 1998). Further, all doubts must be resolved in favor of the state, not the plaintiff. *Toombs v. Citizens Bank*, 281 U.S. 643, 647 (1930). The deference afforded to the state is only "abandoned . . . when a legislative act either disadvantages a 'suspect class' or impinges

---

[7] Although Plaintiff cites to section 18-8-208, his primary challenge is to section 17-27.5-104's application of section 18-8-208 to the conduct of ISP parolees who violate the terms of their parole conditions. As such, I limit my analysis to the constitutionality of section 17-27.5-104.

11

upon the exercise of a 'fundamental right.'" *Villanueva v. Carere*, 85 F.3d 481, 488 (10th Cir. 1996). Here, Plaintiff has neither argued that he is a member of a suspect class nor shown that the application of this statute to his conduct unreasonably inhibits the exercise of a fundamental right given the limited liberty to which parolees are entitled. Therefore, deference is afforded.

In addition to the deference I afford the statute's drafters, my finding in Claim One that Plaintiff's prosecution for felony escape pursuant to section 17-27.5-104 did not violate Plaintiff's right to equal protection undermines any assertion that the statute violates the Equal Protection Clause as applied to all parolees. In addition, my holding in Claim Two that Plaintiff did not have a liberty interest in avoiding ISP conditions undermines any assertion that the statute permitting ISP inmates to be charged with felony escape violates the Due Process Clause as applied to all parolees. As set forth below, courts who have addressed this issue concur.

The constitutionality of charging an ISP parolee with felony escape after he violates his parole conditions has been a frequent subject of litigation in Colorado. For example, the Colorado Court of Appeals ("CCA") has held that applying section 17-27.5-104 to an ISP parolee who violates the conditions of his parole does not violate the Equal Protection Clause of the Fourteenth Amendment. *People v. Sa'ra*, 117 P.3d 51, 58 (Colo. Ct. App. 2004) (noting that ISP supervision advances legitimate governmental interest of supervising at-risk parolees and punishing them for violations accordingly); *see also People v. McKnight*, 626 P.2d 678, 683-84 (Colo. 1981) (same regarding section 18-8-208). The CCA has also held that section 17-27.5-104, as applied to ISP parolees, is not unconstitutionally vague and does not violate the requirements of due process. *People v.*

*Perea*, 74 P.3d 326, 332-33 (Colo. Ct. App. 2002) (noting that "one to whom a statute clearly applies may not successfully challenge it for vagueness" and that lack of vagueness means that due process principles are satisfied).

As far as the Court can discern, Plaintiff's primary argument is that because section 17.27.5-104 does not specifically mention an "offender on parole," the statute should not apply to parolees. *See Amended Complaint* [#24] at 6. However, this argument advances a distinction without a difference. The statute clearly conveys its application to individuals within the "intensive supervision program," which is a program for parolees. To the extent that Plaintiff's secondary argument also relies on the inapplicability of section 17-27.5-104 to parolees, it is equally unpersuasive. In this regard, Plaintiff argues that pursuant to Colo. Rev. Stat. § 17-27.8-106, the only offense for which parolees can be charged for leaving the perimeter of their home is a parole violation, not felony escape. *See id.* Plaintiff's conclusory assertion contradicts the clear language of section 17-27.8-106 (which, on its face applies only to parolees in the home detention program) and does not effectively address whether section 17-27.5-104 is unconstitutional as applied to ISP parolees. Plaintiff has pled no plausible facts in support of his claim.

I find that Plaintiff has failed to satisfy his pleading burden to provide sufficient facts that may plausibly allow the Court to overcome the venerable presumption that the statute is constitutional. I further credit the state court's review of the statute at issue and its determination that it is not unconstitutional on the grounds raised by Plaintiff.[8] *See Fox v.*

---

[8] To the extent that Plaintiff alleges that section 17-27.5-104 is overbroad, he has failed to substantiate his claim. The statute is limited in application to an ISP parolee who "fails to remain within the extended limits on his confinement." Colo. Rev. Stat. § 17-27.5-104. Without further guidance as to Plaintiff's overbreadth claim, particularly in relation to a statute which

13

*Washington*, 236 U.S. 273, 277 (1915) (presuming that state courts interpret state statutes to give effect to the Constitution); *Brecheisen v. Mondragon*, 833 F.2d 238, 240 (10th Cir. 1987) (deferring to state court's guidance on its own statutes).

In summary, Plaintiff has failed to plausibly allege that section 17-27.5-104 is unconstitutional. Accordingly, I recommend that Plaintiff's claim be dismissed.

## IV. Conclusion

For the reasons set forth above, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss be **GRANTED** and that the case be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 27, 2010

BY THE COURT:

---

appears to have limited application, Plaintiff has failed to meet his pleading burden. *See Ashcroft*,129 S. Ct. at 1949.

                <u>s/ Kristen L. Mix</u>
                U.S. Magistrate Judge
                Kristen L. Mix